UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **ED CV 16-1993-DMG (KKx)** | Date  September 22, 2016 |
| Title | *Lianming Xiong v. Pedro E. Ramirez* | Page  1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE DEFENDANT RAMIREZ'S NOTICE OF REMOVAL [1]**

     On September 19, 2016, *pro se* Defendant Pedro E. Ramirez filed his notice of removal ("NOR"), removing this case from the San Bernardino County Superior Court to this Court. [Doc. # 1.]  Ramirez claimed that this Court has both federal question and diversity jurisdiction because "Plaintiff Trust and the Defendant are citizens of different states," and "Plaintiff are [sic] Debt Collectors identified under [the Fair Debt Collection Practice Act ('FDCPA')]," "subject to compliance with . . . [the] Fair Credit Reporting Act," and "possibl[y] discriminat[ed] [against Ramirez] under the . . . Fair Housing Act."  NOR at ¶¶ 4, 9.  The complaint, however, was not attached to the NOR, and the Court cannot determine from the NOR or Ramirez's submitted declaration ("Ramirez Decl.") [Doc. # 3] whether federal jurisdiction is proper.  *See Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002) ("The court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal.").

     In establishing diversity jurisdiction, "the defendant bears the burden of actually proving the facts to support jurisdiction."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gaus v. Miles*, 980 F.2d 564, 566–67 (9th Cir. 1992)).  As to diversity jurisdiction, the defendant must present "summary-judgement-type evidence" relevant to the amount in controversy and the citizenship of the parties.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").  Ramirez attached to the NOR only this Court's Civil Cover Sheet. [Doc. # 1-1.]  Neither the NOR nor the Cover Sheet state where Xiong resides.  In fact, it is not clear from the NOR whether Ramirez's assertion of diversity applies to Xiong or Wells Fargo.  *See* NOR at ¶ 5 ("Plaintiff, Lianming Xiong acting as trustee to Wells Fargo Bank, National Association not a citizen of California.").  Although Wells Fargo is not a California citizen, *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014), it is also not a party to this suit.  "Since the party asserting diversity jurisdiction bears the burden of proof, [Ramirez]'s failure to specify [Xiong's] state citizenship [i]s fatal to [Ramirez's] assertion of diversity jurisdiction."  *Kanter*, 265 F.3d at 857–58 (citation omitted).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **ED CV 16-1993-DMG (KKx)** | Date  September 22, 2016 |
| Title | *Lianming Xiong v. Pedro E. Ramirez* | Page  2 of 2 |

      Moreover, Ramirez has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. His NOR states that the action against him is to gain possession of property "worth more than $75,000." NOR at ¶ 8. Without a complaint to review or any other evidence, such "[c]onclusory allegations . . . are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).[1]

      Additionally, the NOR does not raise conclusive federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Ramirez's failure to provide the Court with the state action complaint, alone, compels the Court to conclude that he has not met his burden of establishing subject-matter jurisdiction. Furthermore, Ramirez's arguments in support of federal-question jurisdiction are that Xiong is a debt collector under the FDCPA, that Xiong may have failed to comply with the Fair Credit Reporting Act, and that Xiong may have unlawfully discriminated against Ramirez under the Fair Housing Act. These are all either federal defenses or federal counterclaims, which do not create federal-question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009) ("[F]ederal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim . . . .").

      "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. The NOR and Ramirez Declaration do not provide a basis for federal jurisdiction. In light of the foregoing, this case is hereby **REMANDED** to the San Bernardino County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[1] Ramirez also contends that he has "a pending lawsuit for more than $500,000 in damages against [Xiong]." Ramirez Decl. at ¶ 1. If that lawsuit is distinct from the instant action, only Xiong may remove to federal court on the basis of those claims. If that action arises from a counterclaim Ramirez filed against Xiong in this action, then Ramirez may have waived his right to remove the case to federal court. *See Koch v. Medici Ermete & Figli S.R.L.*, No. 13-1411 CAS (PJWx), 2013 WL 1898544, at *2-3 (C.D. Cal. May 6, 2013) (permissive counter- and cross-claim filed in state court waive removability, while such compulsory claims do not).